UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:   Jeffrey H. Benjamin,                                      Case No. 13-30646
                                                                   Chapter 7
          Debtor.

Memorandum-Decision and Order Overruling Objection on Procedural Grounds

This chapter 7 case was commenced by the filing of a voluntary petition on April 10, 2013. By notice of motion supported by an attorney's affirmation, the Debtor alleges a willful violation of the automatic stay by the United States of America acting by and through the Internal Revenue Service ("IRS") for which it seeks sanctions and "actual damages, and attorneys' fees" (Doc. Nos. 11, 12). The basis of the alleged violation is a notice sent by the IRS on June 17, 2013, informing Debtor that the IRS had applied $1,497.88 of his 2012 tax refund to an outstanding 2008 tax liability. A copy of the notice received by the Debtor is attached to the attorney's affirmation. The affirmation alleges that the Debtor "has suffered actual damages in the form of emotional distress."

On the same day, Debtor filed a separate notice of motion and attorney's affirmation (Doc. Nos. 14, 15), alleging a violation of the automatic stay by the United States of America acting by and through the Department of Veterans Affairs ("Veterans"). Notwithstanding listing Veterans as a creditor, Debtor received a bill from Veterans on June 3, 2013 and a notice on June 7, 2013 that the balance of his 2012 tax refund ($403.12) had been applied in partial payment of his prepetition debt. Debtor similarly alleges that he "has suffered actual damages in the form of emotional distress."

1

In both motions, debtor seeks sanctions and the recovery of actual damages including attorney fees and costs. However, he provides neither a calculation of his damages nor indicates the total amount of damages sought.

Both the IRS and Veterans (collectively, "Government") were duly served with the respective notices of motion and affirmations (Doc. Nos. 13, 16) and filed separate but similar responses in the form of a motion to strike the pleadings (Doc. Nos. 22, 23). The thrust of the Government's opposition is that each motion is procedurally deficient because the relief sought pursuant to 11 U.S.C. § 362(k), namely the imposition of monetary damages for violating the stay, requires the filing of an adversary proceeding under Part VII of the Bankruptcy Rules. The Government also asserts that absent service of a summons and complaint in each of these matters, the court lacks personal jurisdiction over the Government. Because of the similar arguments raised, this memorandum-decision jointly addresses the Government's motions.

A hearing was held on August 22, 2013, at which appeared James F. Selbach, Esq., on behalf of the Debtor, and William F. Larkin, Esq., Assistant U.S. Attorney, on behalf of the Government. After hearing oral argument, the court issued an oral ruling that overruled the Government's objections and denied the motions to strike. That ruling is explained and memorialized herein.

*Jurisdiction*

This court has core jurisdiction to hear and enter a final determination on this contested matter pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A) and 1334(b).

*Adversary Proceeding versus Contested Matter*

Federal Rule of Bankruptcy Procedure ("Rule") 7001 lists ten types of proceedings that must be commenced by adversary proceeding. As specified in Rule 7003, which incorporates

2

Federal Rule of Civil Procedure 3, an adversary proceeding is commenced by the filing of a complaint. The Part VII Rules incorporate or adopt with modification a number of the Federal Rules of Civil Procedure. This ensures that litigation in bankruptcy court corresponds to a large extent to litigation in the district court, governed by the same procedural due process norms. Matters other than those governed by Rule 7001 are contested matters which may be brought by motion under Rule 9014. The Federal Rules of Civil Procedure are more selectively incorporated in contested matters, but the court has the discretion—as provided in Rule 9014—to direct that any of the other Rules not automatically incorporated apply, as may be required or appropriate in a given instance. In either event, the same norms of due process—to afford all parties a right to receive notice of the proceeding and be heard—apply.[1]

In pertinent part, Rule 7001 provides:

An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:
(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002[.]

It is the Government's position that because the Debtor seeks money damages in connection with the alleged violations of the stay, the relief Debtor seeks falls within the scope of the above language and, accordingly, may only be sought via an adversary proceeding. This court disagrees.

The automatic stay imposed by 11 U.S.C. § 362(a) is effective immediately upon commencement of the case, which constitutes an order for relief. § 301(b). Immediate protection from the efforts of creditors to collect pre-petition debts is the most significant personal right afforded a debtor upon the filing of a bankruptcy case. *See* H.R. REP. 95-595,

---

[1] For example, service of a motion under Rule 9014 must be made in the same manner as service of a complaint under Rule 7004.

3

340, 1978 U.S.C.C.A.N. 5963, 6296-97 ("The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply be relieved of the financial pressures that drove him into bankruptcy."). It is central to the administration of a debtor's case that the court uphold the injunctive relief afforded by the Code.

An action brought under § 362(k) seeks primarily to (i) vindicate a debtor's right to be free from the harassment of creditor demands and (ii) preserve the integrity of the automatic stay. *See Weber v. SEFCU (In re Weber)*, 719 F.3d 72, 76 (2d Cir. 2013) (discussing the legislative history of § 362). Compensating the debtor for actual damages suffered in such an action serves secondarily to encourage debtors to bring a stay violation to the attention of the creditor and the court. *See Weber*, 719 F.3d at 83 ("Section 362(k) operates to compensate the debtor who has been injured by the violation . . . ."). The court finds that an action under § 362(k) is not in the nature of one "to recover money or property" nor is it appropriately categorized as one falling within the scope of Rule 7001(1).[2]

It has long been the practice across this District and, indeed, within the bankruptcy courts of this Circuit that have addressed the issue, to allow a proceeding involving a violation of the automatic stay to be brought as a contested matter. Doing so permits the expeditious resolution of a matter that affects a fundamental purpose of the Code—to give a debtor necessary breathing room to be free from the harassment of creditor demands while simultaneously preserving property of the estate intact for ultimate distribution to creditors. This practice of permitting

---

[2] In this regard, the court finds the language of Rule 7001(1) that carves out exceptions from its coverage instructive. Rule 7001(1) (". . . other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017 or Rule 6002."). These exceptions involve the trustee's ability, by motion, to obtain money or property from the debtor, from an attorney for the debtor, from a custodian holding property of the debtor and to facilitate the trustee's disposition of estate property including by abandonment.

4

relief under section 362(k) to be sought by motion makes sense when viewed against the backdrop of Congress' treatment of matters concerning the automatic stay.

Prior to the enactment of Fed. R. Bankr. P. 4001(a)(1), proceedings for relief from stay required the filing of an adversary proceeding. 9 COLLIER ON BANKRUPTCY ¶ 4001.RH (Alan N. Resnick & Henry J. Somner eds., 16th ed.). Congress recognized the need for rapid redress of matters concerning the automatic stay when it eliminated the requirement of an adversary proceeding and promulgated Rule 4001—expressly providing that a motion for relief from the automatic stay shall be made in accordance with Rule 9014, which governs contested matters. Similarly, confirmation of the termination of the automatic stay and extension of the automatic stay may be sought by motion. 11 U.S.C. § 362(c)(4)(A)(ii); § 362(c)(3)(B); § 362(c)(4)(A)(ii). This court finds it imperative that both (i) creditors who can show cause for relief and the need for adequate protection under section 362 and (ii) debtors whose section 362 rights are being violated have ready access to the court expedited by the simpler motion practice. *See generally* S. Rep. No. 95-989, at 53 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5839 (discussing the legislative history of § 362(e)).

Based upon (i) this court's conclusion that the nature of section 362(k) relief is outside the scope of Rule 7001(1), (ii) Congress' recognition of the need for rapid redress of matters concerning the automatic stay, and (iii) the prerequisite safeguards for due process, including the ability of the court to incorporate into a contested matter any or all additional Part VII Rules, the court holds that a debtor may seek section 362(k) relief pursuant to motion practice under Rule 9014.

The court grants attorney Larkin's oral motion made at the hearing that Rule 7012 apply to this contested matter and his request for a more definite statement, and directs that the Debtor

file a more definite statement of the debtor's claim by not later than October 3, 2013.[3] The Government shall have until October 24, 2013, to file its responsive pleading. *See* Rule 7012(a).

Hearings on Debtor's respective motions are hereby scheduled for October 31, 2013, at 10:00 a.m. at the United States Bankruptcy Court, James M. Hanley United States Courthouse and Federal Building, 100 South Clinton Street, 2nd Floor, Syracuse, NY 13261.

So Ordered.

Dated: September 18, 2013
Syracuse, New York

Margaret Cangilos-Ruiz
United States Bankruptcy Judge

---

[3] While the issue is not currently before the court, the debtor's request for recovery of attorney fees from the IRS may be subject to the limitations on damages imposed by Internal Revenue Code ("I.R.C.") § 7430, as made applicable by I.R.C. § 7433(2)(B). Furthermore, I.R.C. § 7430 (b)(1) provides that "[a] judgment for reasonable litigation costs shall not be awarded . . . in any court proceeding unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service." The Debtor has not alleged that he has exhausted his administrative remedies as to his recovery of attorney fees from the IRS. *See Kuhl v. United States*, 467 F.3d 145 (2d Cir. 2006).

6